UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ANGELO K. BROWN,

                Plaintiff,

                                              **MEMORANDUM AND ORDER**

           v.

                                              16-CV-3627 (WFK)

METROPOLITAN DETENTION CENTER,

                Defendant.
-------------------------------------------------------------------x
KUNTZ, United States District Judge:

On June 22, 2016, plaintiff Angelo K. Brown filed this *pro se* action against the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Plaintiff's request to proceed *in forma pauperis* is granted. Plaintiff's claims against the MDC are dismissed, but plaintiff is granted leave to submit an amended complaint within thirty (30) days of the date of this Order.

## BACKGROUND

The following factual details are taken from the complaint and are assumed to be true for the purpose of this Order. Plaintiff suffered a serious injury to his knee on July 18, 2013, for which he received surgery and physical therapy. Complaint at 4. On December 16, 2013, plaintiff was arrested by federal agents and was detained at the Nassau County Correctional facility. *Id.* He received physical therapy for the first month. *Id.* Thereafter, Plaintiff was transferred to the MDC. *Id.* at 3. Plaintiff alleges that he made numerous written requests for physical therapy during the next two years, but that the only medical attention he received was pain medication. *Id.* He states: "There is a consistent swelling in the knee that was injured. The ability to move the knee or bend the knee is completely diminished. Sometimes when I am walking my knee gives out on me and buckle my body." *Id.* Plaintiff seeks medical evaluation by a specialist and three million dollars in damages. *Id.* at 5.

# DISCUSSION

## A. Standard of Review

Title 28 of the United States Code, § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Moreover, at the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## B. Constitutional Claims

Plaintiff's complaint may be construed as alleging a claim for deliberate indifference to his medical needs or other possible violations of his constitutional rights under the Eighth or Fourteenth Amendments. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), permits recovery for some constitutional violations by federal agents, even in the absence of a statute conferring such a right. *Carlson v. Green*, 446 U.S. 14, 18 (1980). Like actions brought against state officials pursuant to 42 U.S.C. § 1983 ("§ 1983"), a plaintiff's *Bivens* claims must be brought against the individuals personally responsible for the alleged deprivation of his constitutional rights, not against the federal government or the agencies where they are employed. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Because the doctrine of *respondeat superior* does not apply in *Bivens* actions, a plaintiff must allege that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). In this case, plaintiff names only the facility where he was detained and fails to identify any individual defendants whom he alleges deprived him of his civil rights. As currently pled, Plaintiff fails to state a *Bivens* claim against the named defendant.

In light of plaintiff's *pro se* status, the Court grants plaintiff leave to amend the complaint to identify the individuals whom he believes to have been responsible for the alleged deprivation of his constitutional rights. Even if Plaintiff does not know the names of these individuals, he

3

may identify each of them as John Doe Correctional Officer or Jane Doe Medical Officer or the like, and identify the positions that they held and the roles each of them played in this incident.

## C. Possible Claims under the Federal Tort Claims Act

In light of plaintiff's *pro se* status, the Court has considered whether his claims could be brought under the Federal Tort Claims Act ("FTCA"). The FTCA waives sovereign immunity and permits some suits for damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In order to bring a claim in federal district court pursuant to the FTCA, a claimant must first exhaust his administrative remedies by filing a tort claim with the federal agency, in this case, the Bureau of Prisons, *see* 28 U.S.C. § 2675(a); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), and he must name the United States as the defendant. In this case, Plaintiff has not indicated that he exhausted his administrative remedies within the Bureau of Prisons and that he received a final agency decision. Should Plaintiff believe that he can assert a claim under the FTCA, he must name the United States as a defendant and provide information about any efforts to exhaust his administrative remedies.[1]

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted. Because plaintiff has failed to state a claim against the only named defendant, the MDC, the complaint is dismissed pursuant to

---

[1] Plaintiff is reminded that FTCA claims are subject to filing deadlines: the claim must be presented to the agency within two years after the claim accrues and then brought to federal court within six months after agency action. 28 U.S.C. § 2401(b). These time limits are subject to equitable tolling. *United States v. Kwai Fun Wong*, -- U.S. --, 135 S. Ct. 1625, 1629, 191 L. Ed. 2d 533 (2015).

4

28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants plaintiff thirty (30) days within which to file an amended complaint to name individuals who could be held liable in a *Bivens* action or to assert possible claims under the Federal Tort Claims Act. The amended complaint must be captioned "Amended Complaint" and shall bear the same docket number as this Order. All further proceedings shall be stayed for thirty (30) days. If plaintiff does not file an amended complaint within 30 days, judgment dismissing the case shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

s/ WFK

WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
July 25, 2016