FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 31 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

------------------------------------------------------------------x
ANGELO K. BROWN,

                Plaintiff,

        -against-

DR. BORECKY; OFFICER NUNEZ; WARDEN
QUAY; OFFICER BRADWICH; OFFICER
BEVERLY TIMOTHY,

                Defendants.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

16-CV-3627 (WFK)

KUNTZ, United States District Judge:

On June 22, 2016, Plaintiff Angelo K. Brown filed this *pro se* action against the Metropolitan Detention Center ("MDC") in Brooklyn, New York. By order dated July 25, 2016, the Court liberally construed the action as alleging a claim for deliberate indifference to his medical needs or other possible violations of his constitutional rights under the Eighth or Fourteenth Amendments, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), but dismissed the action against MDC for failure to state a claim on which relief may be granted. On August 12, 2016, upon the direction of the Court, Plaintiff submitted an amended complaint that provides the names of the individuals responsible for the alleged violations. The Court has reviewed the amended complaint, and has determined that it does not comply with Federal Rule of Civil Procedure 8 and does not state a claim on which relief may be granted. Plaintiff is granted leave to submit a second amended complaint within thirty (30) days of the date of this Order.

## **Factual and Procedural Background**

In his complaint, Plaintiff made the following allegations. Plaintiff suffered a serious injury to his knee on July 18, 2013, for which he received surgery and physical therapy.

(Complaint at 4.) On December 16, 2013, Plaintiff was arrested by federal agents and was detained at the Nassau County Correctional facility. (*Id.*) He received physical therapy for the first month. (*Id.*) Thereafter, Plaintiff was transferred to the MDC. (*Id.* at 3.) Plaintiff alleges that he made numerous written requests for physical therapy during the next two years, but that the only medical attention he received was pain medication. (*Id.*) He states: "There is a consistent swelling in the knee that was injured. The ability to move the knee or bend the knee is completely diminished. Sometimes when I am walking my knee gives out on me and buckle my body." (*Id.*) Plaintiff seeks medical evaluation by a specialist and three million dollars in damages. (*Id.* at 5.)

In its July 25, 2016 Order, the Court granted Plaintiff's request to proceed *in forma pauperis*, but because plaintiff had failed to state a claim against the only named defendant, the MDC, the Court dismissed the complaint pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii). In light of plaintiff's *pro se* status, the Court granted Plaintiff thirty (30) days within which to file an amended complaint to name individuals who could be held liable in a *Bivens* action or to assert possible claims under the Federal Tort Claims Act.

On August 12, 2016, Plaintiff submitted an amended complaint, a brief six-paragraph document, that names five individuals as "personally responsible for constitutional violations" against him: "Dr. Borecky, Officer Nunez, Warden Quay, Officer Bradwich, and Officer Timothy." Am. Compl. at 1. Although Plaintiff concludes that they are "personally responsible for constitutional violations," he does not set forth any facts in support of any *Bivens* claim against them. In fact, he does not make any allegations against these individuals whatsoever or identify the roles each of them played in the incidents. In addition, although he states that he wishes to preserve any rights under the Federal Tort Claims Act, he does not, as the Court

2

directed in its July 25, 2016 Order, "name the United States as a defendant and provide information about any efforts to exhaust his administrative remedies."[1] Moreover, there are no facts alleged in support of either claim.

## Discussion

### A. Standard of Review

Title 28 of the United States Code, § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). At the pleading stage of the proceeding, the Court must assume the truth

---

[1] FTCA claims are subject to filing deadlines: the claim must be presented to the agency within two years after the claim accrues and then brought to federal court within six months after agency action. 28 U.S.C. § 2401(b). These time limits are subject to equitable tolling. *United States v. Kwai Fun Wong*, -- U.S. --, 135 S. Ct. 1625, 1629, 191 L. Ed. 2d 533 (2015).

3

of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### B. Rule 8

In his amended complaint, Plaintiff has now named individual defendants but not made any allegations against them. His reference to his complaint does not cure this fatal flaw. A plaintiff's failure to make any allegations against a defendant he has named is fatal to his claims against that defendant. Fed. R.Civ. P. 8.

Rule 8 provides in relevant part that a complaint "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and that each averment be "simple, concise, and direct." Fed.R.Civ. P. 8(d)(1). In a federal lawsuit, a plaintiff must allege facts sufficient to allow the defendants to have a fair understanding of what he is complaining about at to enable them to determine whether there is a possible legal basis for recovery. *See Twombly*, 550 U.S. at 555 (Rule 8 imposes the requirement that the plaintiff's "give the defendant fair notice of what the . . . claim is and the grounds on which it rests." (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Ricciuti v. NYC Trans. Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("[Rule 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal

4

basis for recovery."). Without pleading any connection to the events described in the complaint, the amended complaint against these five defendants must be dismissed.

### C. Leave to File a Second Amended Complaint

Plaintiff is granted leave to file a second amended complaint. Plaintiff is advised, however, that the second amended complaint will completely replace the complaint and amended complaint. The second amended complaint should reflect consideration of the July 25, 2016 Order and the information contained in this Order.

In his second amended complaint, Plaintiff must satisfy the minimal filing requirements of Fed. R.Civ. P. 8, providing each of the defendants with notice of the claims against it and a short, plain statement of the relevant facts supporting his claim or claims. Not only must Plaintiff name individuals who were personally involved as defendants, but Plaintiff must also provide facts pertinent to each claim. Plaintiff cannot rely on generalized allegations of misconduct. If Plaintiff elects to file a second amended complaint, he should list specifically what injury he suffered, when and how it occurred, and who was responsible for it. Conclusory allegations are not sufficient. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556–57, 570). If Plaintiff cannot identify a particular defendant at this time, he may designate him/her as John/Jane Doe. To aid Plaintiff with this task, the Clerk of Court is respectfully requested to provide a "Complaint for Violation of Civil Rights" form to Plaintiff.

Additionally, if Plaintiff seeks to raise a Federal Torts Act claim, he must name the United States as a defendant, set forth allegations and provide information about any efforts to exhaust his administrative remedies.

## CONCLUSION

Because Plaintiff has failed to state a claim against the defendants he has named, his amended complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii).

However, in light of Plaintiff's *pro se* status, the Court grants Plaintiff thirty days leave to file a second amended complaint regarding his *Bivens* claims or to assert possible claims under the Federal Tort Claims Act. The Clerk of Court is respectfully requested to provide a "Complaint for Violation of Civil Rights" form to Plaintiff. If Plaintiff elects to file a second amended complaint, the second amended complaint must provide facts giving rise to each of his federal claims against the defendant(s). It shall be submitted to the court within 30 days of the docket entry of this Order and will completely replace both the complaint and the amended complaint. No summons shall issue at this time and all further proceedings are stayed for thirty days for plaintiff to comply with this Order. If Plaintiff fails to comply with this Order within the time allowed, judgment dismissing this action shall enter. Once submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under Fed. R. Civ. P. 8, 28 U.S.C. § 1915A(b), and 28 U.S.C. §1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED

s/William F. Kuntz

WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
August 30, 2016